NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BOHDAN SENYSZYN,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2011-3226

---

Petition for review of the Merit Systems Protection Board in case no. PH0752080226-I-2.

---

Decided: February 10, 2012

---

BOHDAN SENYSZYN, of Succasunna, New Jersey, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LINN, DYK, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

The Internal Revenue Service removed Bohdan Senyszyn from his position as a revenue agent after Mr. Senyszyn pled guilty in federal court to filing false tax returns as an I.R.S. agent, tax evasion, structuring financial transactions, and bank fraud. Mr. Senyszyn petitions this court for review of the final decision of the Merit Systems Protection Board affirming the I.R.S.'s removal action. Because the Board's decision contains no legal error and is supported by substantial evidence, we *affirm*.

I.

As a revenue agent in the I.R.S.'s large- and mid-sized operation division, Mr. Senyszyn was responsible for examining and investigating complex tax returns filed by large businesses, corporations, and organizations. His duties included responsibility for recognizing indicators of fraudulent activity and developing appropriate referrals.

On April 13, 2006, a federal grand jury in New Jersey returned a seven-count indictment charging Mr. Senyszyn with various tax and financial offenses. Mr. Senyszyn pled not guilty to the indictment but subsequently negotiated a plea agreement with the government. Pursuant to the plea agreement, the government filed a superseding information, which contained four counts: filing false tax returns as an I.R.S. agent in violation of 26 U.S.C. § 7214(a)(7) and 18 U.S.C. § 2; tax evasion for the year 2003 in violation of 26 U.S.C. § 7201; structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3), 18 U.S.C. § 2, and related regulations; and bank fraud in violation of 18 U.S.C. § 1344.

Mr. Senyszyn pled guilty to all four counts on September 20, 2007. During the plea hearing, the assistant

United States Attorney ("AUSA"), at the district court's direction, recited a number of allegations from the superseding information. Among those allegations was that Mr. Senyszyn knowingly made a false representation on a tax return about certain shareholders' capital contributions to a partnership to claim future losses and thereby avoid $500,000 in taxes. The AUSA also explained that Mr. Senyszyn was accused of knowingly and intentionally filing tax returns that failed to report substantial amounts of taxable income. Mr. Senyszyn admitted the truth of all the allegations recited by the AUSA. Based on those admissions, the district court found that there was a sufficient factual basis to support Mr. Senyszyn's plea to the offenses charged in the superseding information and, ultimately, adjudged Mr. Senyszyn guilty.

After his plea hearing, but before his sentencing, Mr. Senyszyn moved to withdraw his guilty plea as to the tax evasion count because he claimed to be actually innocent of the conduct charged and to have misunderstood the terms of the plea agreement. He also asked that the court terminate his court-appointed counsel's representation. The district court denied the motion to withdraw the guilty plea, but relieved Mr. Senyszyn's lawyer from the representation and allowed Mr. Senyszyn to proceed *pro se*. Mr. Senyszyn appeared at his sentencing *pro se*. On February 25, 2008, the district court sentenced him to thirty-four months of imprisonment, five years of supervised release, a $12,500 fine, and a $400 special penalty assessment.

Mr. Senyszyn never filed a direct appeal of his sentence or conviction. While he did appeal the denial of his motion to withdraw his guilty plea, the U.S. Court of Appeals for the Third Circuit affirmed the district court. *United States v. Senyszyn*, 338 F. App'x 201 (3d Cir. 2009). Mr. Senyszyn also filed a motion to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion. *Senyszyn v. United States*, No. 2:09-cv-6120 (D.N.J. June 4, 2010), ECF No. 13. Mr. Senyszyn did not appeal the denial of his habeas petition.

## II.

In a letter dated October 9, 2007, the I.R.S. proposed to remove Mr. Senyszyn from his position based on his guilty plea. The agency noted that Mr. Senyszyn pled guilty to filing false tax returns as an I.R.S. agent, and that the statute governing that offense required the agency to remove Mr. Senyszyn from his employment. *See* 26 U.S.C. § 7214(a)(7). The agency also noted that Mr. Senyszyn pled guilty to three additional felonies. Because Mr. Senyszyn was responsible for examining complex tax returns and detecting fraudulent activity, the agency concluded that there was a direct connection between Mr. Senyszyn's job duties and the criminal conduct of which he was convicted. Mr. Senyszyn submitted a written response to the notice of proposed removal. After considering Mr. Senyszyn's response, the agency's deciding official sustained the removal.

Mr. Senyszyn appealed his removal. An administrative judge ("AJ") considered his appeal and affirmed his removal in an initial decision dated December 20, 2010. The AJ first found a factual basis for the charged misconduct. Rather than requiring the agency to offer fresh proof that Mr. Senyszyn engaged in the charged misconduct, the AJ concluded that Mr. Senyszyn was collaterally estopped from challenging the charged misconduct in light of his admissions in the criminal action. The AJ then considered Mr. Senyszyn's affirmative defense that the agency retaliated against him for making a protected whistleblower disclosure. The AJ assumed, without

deciding, that Mr. Senyszyn made a protected disclosure in an October 2007 e-mail message. He found, however, that Mr. Senyszyn's disclosure was not a contributing factor in the removal because there was no evidence that either the proposing official or the deciding official was aware of the e-mail message. The AJ found, moreover, that the agency would have removed Mr. Senyszyn in the absence of his protected disclosure because his guilty plea would have provided strong evidence for disciplinary action. Finally, the AJ found that the penalty of removal was reasonable and promoted the efficiency of the service in light of the seriousness of Mr. Senyszyn's misconduct, which went to the heart of his position. In the AJ's view, "if the agency did anything short of removing the appellant in this instance, it would lose all credibility with the tax paying public."

Mr. Senyszyn filed a petition for review with the Board, which affirmed the AJ's decision, finding that the AJ committed no legal error and that Mr. Senyszyn had failed to present any new, material evidence. Mr. Senyszyn attempted to introduce additional evidence, which the Board rejected because the evidence either was not new or was immaterial. Mr. Senyszyn also challenged the AJ's application of collateral estoppel; the Board found no error in that application. Finally, Mr. Senyszyn asserted again that he was actually innocent of the 2003 tax evasion charge. The Board rejected that argument because it recognized that neither the district court nor the Third Circuit had allowed Mr. Senyszyn to withdraw his guilty plea or had vacated his conviction.

Mr. Senyszyn now appeals to this court.

## III.

Our standard of review in an appeal from a Board decision is limited by statute. 5 U.S.C. § 7703(c) (2004). *See*

*also Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Pers. Mgmt.*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2004).

We have considered each of Mr. Senyszyn's arguments. For the reasons discussed below, we find no legal error in the AJ's or Board's respective decisions and find the decisions to be supported by substantial evidence. We address each of Mr. Senyszyn's arguments in turn.

## A.

Mr. Senyszyn argues that the AJ acted as an advocate for the agency, and failed to afford him a full and fair hearing on the merits, when the AJ invoked collateral estoppel to find the charged misconduct proven. Mr. Senyszyn is correct that litigants are entitled to a full and fair hearing. The doctrine of collateral estoppel, however, does not abridge that right. The doctrine saves an adjudicating body from wasting resources on unnecessary litigation of an issue when that issue was decided in an earlier proceeding. *Chisholm v. Defense Logistics Agency*, 656 F.2d 42, 46 (Fed. Cir. 1981). When he applied collateral estoppel, the AJ did not absolve the agency from proving the charged misconduct, as Mr. Senyszyn claims. The AJ found that the proof already existed because Mr. Senyszyn admitted, under oath, in his criminal action that he engaged in the charged misconduct. The AJ was not obligated to require the agency to prove something that Mr. Senyszyn conceded occurred. "The grant of a right to appeal does not in itself limit the decisionmaking mechanisms available to the appellate tribunal. This

court . . . has approved use of collateral estoppel by the board." *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 238 (Fed. Cir. 1988) (citations omitted).

## B.

Mr. Senyszyn alternatively argues that the AJ misapplied collateral estoppel to the facts of this case. This argument also fails.

To apply collateral estoppel, the AJ was required to find the following: (1) the issues previously adjudicated were identical with those now presented; (2) the issues were actually litigated in the prior proceeding; (3) the previous determination of those issues was necessary to the end decision then made; and (4) the party precluded was fully represented in the prior action. *Kroeger*, 865 F.2d at 239 (citing *Thomas v. Gen. Serv. Admin.*, 794 F.2d 661, 664 (Fed. Cir. 1986) and *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1469 (Fed. Cir. 1983)). We address each requirement in turn.

## 1.

The issues adjudicated in Mr. Senyszyn's criminal action are identical with those now presented. The notice of proposed removal identified each of the four counts to which Mr. Senyszyn pled guilty and cited them as the basis for his removal. Mr. Senyszyn argues that the issues are not identical because "[t]he [agency's] charged misconduct relates to tax evasion from embezzlement and the plea relates to intended tax loss from the sale of Schedule D transactions . . . ." Mr. Senyszyn mischaracterizes the conduct identified in the notice of proposed removal, the charges specified in Mr. Senyszyn's plea agreement, and the conduct to which Mr. Senyszyn admitted during his plea hearing. The plea agreement specifies the four counts to which Mr. Senyszyn agreed to

plead guilty.  The transcript of Mr. Senyszyn's plea hear-
ing reflects that Mr. Senyszyn pled guilty to each count
and admitted the truth of numerous facts supporting each
count.   The district judge found that the facts Mr.
Senyszyn conceded were both true and sufficient to sup-
port each of the charges to which Mr. Senyszyn pled
guilty.  The notice of proposed removal recites the exact
same charges.   Thus, the charged conduct in Mr.
Senyszyn's removal action is identical to that to which
Mr. Senyszyn pled guilty in his criminal action.

2.

The issues here were actually litigated in Mr.
Senyszyn's criminal action.  In his plea agreement and
during his plea hearing, Mr. Senyszyn admitted the truth
of the facts supporting the charged offenses.  The district
court entered judgment, which specified that "the court
has adjudicated that the defendant is guilty of the [four
charged] offenses."   The government did not have to
present its case to a jury to actually litigate it.

Mr. Senyszyn attempts to cast his guilty plea as a
stipulation and argues that a stipulated fact has not been
actually litigated for purposes of collateral estoppel unless
the stipulation clearly manifests a party's intent to be
bound in future actions.  Mr. Senyszyn, however, could
not have made his intent to be bound clearer.  During the
plea hearing, the district court advised Mr. Senyszyn
that, as a consequence of the guilty plea, he would be
"required to be discharged from employment with the IRS
. . . under a federal law."  When the court asked Mr.
Senyszyn whether he understood that consequence, Mr.
Senyszyn responded, "[y]es, your Honor."  The AUSA then
recited facts alleged in the superseding information.  Mr.
Senyszyn responded by admitting that each recited fact
was true.  At the end of this colloquy, the AUSA asked

Mr. Senyzszyn, "[a]re you pleading guilty to the crimes in Counts 1, 2, 3 and 4 of the Superseding Information because you, in fact, are guilty of those offenses?" "Yes, I am," Mr. Senyszyn responded.

Mr. Senyszyn clearly understood what he was admitting when he pled guilty and the consequences of doing so. He cannot argue that he did not intend to be bound by his plea.

3.

The previous determination of the issues here was necessary to the end decision made in the criminal action. The district court had to accept Mr. Senyszyn's guilty plea and his proffered factual basis to enter judgment against him. *See* Fed. R. Crim. P. 11(b)(3). *See also Boykin v. Alabama*, 395 U.S. 239, 242 (1969) ("A guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine the punishment.").

4.

Mr. Senyszyn argues that the final requirement for collateral estoppel is not satisfied because he was not fully represented throughout the entirety of his criminal proceedings, specifically at his sentencing hearing. We disagree.

Mr. Senyszyn was represented by counsel during the phase of his criminal action relevant to this case. After Mr. Senyszyn was indicted, the district court appointed an assistant federal public defender, K. Anthony Thomas, to represent him. The government presented the plea agreement to Mr. Thomas to review with Mr. Senyszyn. Mr. Thomas signed the plea agreement with Mr. Senyszyn. Mr. Thomas also appeared with Mr. Senyszyn at the plea hearing, when Mr. Senyszyn admitted to the

factual basis supporting the charged offenses and pled guilty in open court. Although Mr. Senyszyn decided to proceed *pro se* for his sentencing, the terms of his sentence had no bearing on the I.R.S.'s decision to remove him. It was his guilty plea and conviction that prompted the agency to do so.

The requirement that an estopped party have been "fully represented" in a prior proceeding, moreover, does not mean that the party had to be represented by counsel. The relevant inquiry is whether the party had a "full and fair chance to litigate" the issue to be precluded. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). While we have considered whether an estopped party was represented in a prior proceeding as a factor in determining whether the party was "fully represented," *see Thomas*, 794 F.2d at 665 n.3, we have not deemed the presence of counsel mandatory. Where, as here, Mr. Senyszyn himself asked that counsel be discharged and informed the court that he was prepared to represent himself at sentencing, we find that the absence of counsel had no impact on Mr. Senyszyn's ability to fully and fairly litigate all aspects of his criminal action.

5.

Mr. Senyszyn advances other arguments about collateral estoppel that are not well taken. He argues that the plea agreement has no collateral estoppel effect because it is limited to the U.S. Attorney's Office for the District of New Jersey and "cannot bind other federal, state, or local authorities." The AJ, however, did not blindly accept the plea agreement as binding. He applied each of the collateral estoppel requirements and found that the facts to which Mr. Senyszyn admitted did not have to be relitigated here. The provision of the plea agreement on which Mr. Senyszyn relies does not bar the application of collat-

eral estoppel; it merely preserves the right of other authorities to pursue action against Mr. Senyszyn. In fact, the next paragraph of the plea agreement provides that "[t]his agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against [Mr. Senyszyn]."

Mr. Senyszyn also argues that the AJ erred by applying the Federal Circuit's collateral estoppel precedent rather than that of the Third Circuit. He cites our holding, in *Vardon Golf Co. v. Karsten Manufacturing Corp.*, that, "[b]ecause the application of collateral estoppel is not a matter within the exclusive jurisdiction of this court, this court applies the law of the circuit in which the district court sits." 294 F.3d 1330, 1333 (Fed. Cir. 2002) (citation omitted). The rule that Mr. Senyszyn cites is applicable in cases in which a district court's jurisdiction was based on a patent infringement claim, not in employment cases appealed from the Board. We have long applied our own collateral estoppel precedent in Board appeals. *See, e.g.*, *Kroeger*, 865 F.2d at 239.

The AJ, in sum, properly applied collateral estoppel.

## C.

Mr. Senyszyn also argues that the I.R.S. admitted that it did not prove the charged misconduct. He seizes on a statement made by the agency's deciding official, Lavena Williams, when Mr. Senyszyn cross-examined her:

> [Mr. Senyszyn:] You stated that you read the press release, and you read the plea agreement, and the other items. Do you have any proof that I – absent the plea, do you have any proof that I

committed any of these conduct [sic] independently of the plea?

[Ms. Williams:] No.

Pet'r's App. 46-47. Ms. Williams's purported admission is irrelevant. Because the ALJ properly applied collateral estoppel, the agency did not have to offer duplicative proof of Mr. Senyszyn's misconduct.

## D.

Mr. Senyszyn also argues that, when the AJ found a nexus between the misconduct and his job duties, the AJ limited that nexus finding to the 2003 tax evasion charge. This purported limitation, Mr. Senyszyn argues, is important because he is currently challenging his 2003 tax assessment in the U.S. Tax Court. Mr. Senyszyn theorizes that, if the Tax Court agrees with him that he owes no tax for 2003, he will be able to vacate his conviction for the 2003 tax evasion.

We find nothing in the AJ's or the Board's opinions indicating that the nexus finding was limited to tax evasion. In any event, we must proceed on the current reality that Mr. Senyszyn stands convicted of that offense—a reality solidified after the Third Circuit affirmed the district court's denial of Mr. Senyszyn's motion to withdraw his guilty plea and the district court denied his Section 2255 motion. This is an employment termination case on appeal from the Board, not from the court of conviction. We must respect the Third Circuit's and district court's disposition of Mr. Senyszyn's criminal matters.

## E.

Mr. Senyszyn also claims that the AJ and the Board improperly relied upon sentencing stipulations in the plea

agreement. Although Mr. Senyszyn's argument on this point is not entirely clear, he appears to believe that those stipulations are not binding here because they were proffered only to aid the district court in determining his sentence and did not form the factual basis for his guilty plea. Mr. Senyszyn appears particularly concerned about the sentencing stipulations pertaining to the tax evasion charge, which he believes should be vacated.

We have reviewed the AJ's and the Board's respective opinions, and the agency's proposed and final notices of termination. We discern no instance in which an official relied on the sentencing stipulations in proposing or sustaining Mr. Senyszyn's removal. It is clear that the agency, the AJ, and the Board believed the very fact of Mr. Senyszyn's guilty plea and conviction was sufficient to support removal. Reliance on the sentencing stipulations was unnecessary.

## IV.

We have considered the remainder of Mr. Senyszyn's arguments and find them unpersuasive. We have also considered his motions for judicial notice and deny them because they are unnecessary for the resolution of this appeal. The Board's decision is *affirmed*.

**AFFIRMED**